Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 210513-159519
DATE: July 14, 2021

ORDER

Entitlement to service connection for bilateral calcified pleural plaques in the lungs is granted.

FINDINGS OF FACT

1. The evidence of record indicates that the Veteran does not have asbestosis. 

2. The evidence is in a state of relative equipoise regarding whether bilateral calcified pleural plaques in the lungs relate to asbestos exposure during service. 

CONCLUSION OF LAW

The criteria for service connection for bilateral calcified pleural plaques in the lungs are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from August 1963 to January 1967. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal of a March 2021 rating decision by a U.S. Department of Veterans Affairs (VA) Regional Office (RO). The Veteran filed a May 2021 notice of disagreement against the decision and requested direct Board review pursuant to the Appeals Modernization Act.

Service Connection

The Veteran claims that he incurred a lung disorder during service as the result of exposure to asbestos while serving aboard a ship. 

 Relevant legal authority

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303.

To establish a right to compensation for a disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt will be granted to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on the merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996). 

 Evidence and analysis

The evidence in this matter consists of the Veteran's lay assertions, service treatment records (STRs), service personnel records (SPRs), private and VA treatment records, and a VA compensation examination report dated in March 2021. 

The evidence does not show that the Veteran has asbestosis. Neither the VA treatment records nor the private treatment records note a diagnosis of asbestosis. In certain private records a history of asbestosis is noted. But not a diagnosis. Indeed, the most recent evidence of the record the March 2021 VA report indicates that the Veteran does not have asbestosis. 

For the following reasons, however, a service connection finding is warranted. 

First, the evidence establishes that the Veteran has a lung disorder. Private and VA medical evidence repeatedly indicates that he has bilateral calcified pleural plaques in the lungs. This is also noted in the March 2021 VA report. 

Second, SPRs document that he served as an engineman aboard ships in the U.S. Navy. He describes being exposed to asbestos during service, which the RO accepted as true in the March 2021 rating decision on appeal. 

Third, the evidence indicates that the pleural plaques relate to asbestos exposure. This is indicated in a May 2018 VA treatment record, a January 2021 private treatment report, and the March 2021 VA report. The March 2021 VA examiner stated: 

(Continued on the next page)

 

Review of the medical literature does reveal a cause and effect relationship between pleural plaques and asbestos exposure(s)[;] therefore pleural plaques are as likely as not caused by or a result of [V]eteran's asbestos exposure(s) in service.

Based on the foregoing evidentiary background, the Board cannot find that a preponderance of the evidence is against the claim. As such, this is an appropriate case in which to invoke VA's doctrine of reasonable doubt, grant the Veteran the benefit of the doubt, and grant the claim. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Christopher McEntee, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.